IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph D. Scott, ) | |
| ) | |
| Plaintiff ) | Case No. 1:19-cv-0169 (Erie) |
| ) | |
| vs. ) | |
| ) | HON. RICHARD A. LANZILLO |
| CCPM Michael R. Clark, et al., ) | UNITED STATES MAGISTRATE JUDGE |
| ) | |
| Defendants ) | |
| ) | ORDER FOR EVIDENTIARY HEARING |
| ) | |

Plaintiff Joseph D. Scott ("Scott") has filed a civil rights action under 42 U.S.C. § 1983 claiming, among other things, that the Defendants, employees of the Pennsylvania Department of Corrections, failed to protect him when he was attacked by another inmate. *See* ECF No. 10, ¶¶ 11-12. Currently pending before the Court is a motion for summary judgment filed by the remaining defendants in this lawsuit. *See* ECF No. 43. Among the arguments in favor of their motion, the Defendants contend that Scott did not exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). This Act prohibits an inmate from bringing any action concerning prison conditions absent exhaustion of available administrative remedies. *Id.*

"Of course, exhaustion applies only when administrative remedies are 'available.'" *Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019). A prison's administrative remedies are not truly available when "the procedure 'operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates,' where it is 'so opaque that it becomes, practically speaking, incapable of use,' or 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross v. Blake*, 578 U.S. 1174, (2016)). Here, Scott argues that the grievance process was unavailable to him. *See* ECF No. 50, p. 2.

1

During a status conference conducted on July 29, 2021, Scott elaborated. For example, he asserted that he did not include the Defendants' failure to protect him from another inmate, Stratton Peay, in the grievance he filed after the attack because he did not know, and reasonably could not have discovered, their involvement within the fifteen-days the grievance policy allowed for filing a grievance. Scott also asserted that he did not file a second or supplemental grievance regarding Defendants' failure to protect him because he did not know he was permitted to do so, and prison personnel made misleading statements which led him to believe he was not permitted to do so. Further, Scott also recounted statements by a Sgt. Scalise which he claims deterred him from pursuing a grievance.

Upon review and further consideration, an evidentiary hearing is necessary so that the undersigned may make a comprehensive recommendation to Court on the question whether Scott's administrative remedies were unavailable. *See Small v. Camden County*, 728 F.3d 265 (3d Cir. 2013). To wit, an evidentiary hearing will be conducted on Wednesday, September 29, 2021, beginning at 10:00 AM.[1]

By way of further instructions:

1.  Scott has the burden to produce evidence showing that the grievance process and remedies were unavailable to him. *See Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018). However, because the failure to exhaust administrative remedies is an affirmative defense, the Defendants bear the ultimate burden of proof regarding that defense. *Small*, 728 F.3d at 271.

2.  Both Scott and the Defendants will be permitted to present and cross-examine witnesses and offer exhibits, all subject to the applicable procedural and evidentiary rules. The Federal Rules of Evidence and the Federal Rules of Civil procedure apply. Scott may need to submit a motion

---

[1] The logistical details of the hearing, including whether it will be conducted in the Courtroom or via Zoom video will be determined at a later date.

for a Writ ad Testificandum. Such writs are normally employed to secure the presence of a witness or party for a court proceeding. *See, e.g., Reynolds v. Kosik*, 2007 WL 675110, at *1 n.1 (M.D. Pa. Mar. 1, 2007). However, as has been done in other similar proceedings, if Scott's witnesses are all located in the same correctional institution as he is, an informal arrangement to have them testify may be agreed-to by the Parties.

   3. At least seven days before the date of the hearing, Scott shall file a list of the individuals he intends to call as witnesses during the hearing. As to each such witness, Scott should briefly state the subject matter of his/her anticipated testimony. At least three days prior to the hearing, Defendants shall file and serve upon Scott their list of anticipated witness and, as to each witness, his/her anticipated testimony.

   4. By separate order, the Court will schedule a telephone status conference for approximately two weeks prior to the hearing date to discuss the hearing and to resolve any logistical or procedural questions.

   So ordered this 30th day of July, 2021.

                    _____
                    HON. RICHARD A. LANZILLO
                    United States Magistrate Judge