IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-169-SPB-RAL |
| | ) |
| CCPM MICHAEL R. CLARK, | ) |
| SUPERINTENDENT, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Joseph D. Scott, an inmate at SCI-Albion, initiated this *pro se* action against various prison officials affiliated with SCI-Albion, seeking redress for the alleged violation of his constitutional rights. After his original complaint was lodged by the Clerk of Court on June 11, 2019, ECF No. 1-1, the matter was referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judge's Act, 28 U.S.C. §636(b)(1), and the local rules of this Court.

At this juncture, the only remaining cause of action in Plaintiff's Amended Complaint (the operative pleading), is a claim under 42 U.S.C. §1983 predicated on the theory that the Defendants violated Plaintiff's Eighth Amendment rights when they failed to protect him from another prisoner who attacked him violently on June 10, 2017. ECF No. 10. The remaining Defendants are Superintendent Michael Clark, Unit Manager Keven Lantz, Deputy Superintendent Melinda Adams, Deputy Superintendent "Franz," Chief Psychologist Stephen Reilly, and Corrections Classification Program Manager "V. Kusiak."

Pending before the Court is the Defendants' motion for summary judgment on the Eighth Amendment claim. ECF No. 43. In their motion and supporting brief, Defendants principally

argue that Plaintiff procedurally defaulted his "failure to protect" claim by failing to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a). ECF Nos. 43, 46. Defendants secondarily argue that they had no advance awareness that the aggressor inmate posed any risk of harm to Plaintiff. They therefore dispute that Plaintiff can establish the requisite deliberate indifference or personal involvement/supervisory liability on the part of any Defendant. *Id.*

Plaintiff filed his brief in opposition to the motion on February 26, 2021. ECF No. 50. He subsequently filed his "Concise Statement of Material Facts Not in Dispute" on August 5, 2021 and responded to the Defendants' concise statement on September 30, 2021. ECF Nos. 58, 67.

Because of factual disputes surrounding the exhaustion issue, the Magistrate Judge held an evidentiary hearing on October 29, 2021, in accordance with *Small v. Camden County*, 728 F.3d 265, 270-71 (3d Cir. 2013). In particular, the hearing focused on questions about whether Plaintiff's administrative remedies were rendered "unavailable," either because (i) the DOC's administrative grievance policy (DC-ADM 804) was insufficiently clear about the procedure Plaintiff should use for supplementing his grievance once he learned about his attacker's propensity for violence, or because (ii) Plaintiff had been threatened, misled or intimidated by prison officials in an effort to deter him from grieving his "failure to protect" claim. To that end, the Magistrate Judge heard testimony from a number of witnesses.

Plaintiff testified about conversations that he had had with Defendants Lantz and various other prison officials following the June 10, 2017 attack. He recalled speaking to Defendant Lantz within forty-eight (48) hours after the June 10, 2017 incident and being informed by Defendant Lantz that his attacker had a history of violent behavior. Hrg. Tr. Vol. I, ECF No. 74,

2

at 13:10-18. Although Plaintiff initially claimed that this conversation occurred *after* the filing of his grievance, he later acknowledged on cross examination (and when questioned by the Court) that his initial grievance regarding the attack was not filed until June 26, 2017, meaning that his conversation with Defendant Lantz had occurred well *in advance* of the grievance being filed. *See* Hrg. Tr. Vol. I, ECF No. 74, at 19:1-20:21; *id.* at 22:12-23:11.

Plaintiff also testified about his various unsuccessful attempts to obtain help from prison staff members with the grievance process. He stated that he is dyslexic and had difficulty understanding the grievance process. *See* Hrg. Tr. Vol. I, ECF No. 74, at 14:2-8, 16-24. After learning about his attacker's history of violence, Plaintiff sought assistance from other inmates because prison staff members would say that they could not get involved with legal matters. *Id.* at 14:25-15:7. According to Plaintiff, Defendant Lantz advised him to press charges through the Pennsylvania State Police, while Sergeant Scalise told Plaintiff that "if I filed an initial grievance, that there more likely would be repercussions; to be prepared." *Id.* at 13:10-15, 19-24. As is indicated on Plaintiff's grievance form, Plaintiff spoke to -- or sent request slips to -- a number of prison staff members concerning the June 10, 2017 incident, including Defendant Lantz and Sergeant Scalise; but Plaintiff acknowledged that his grievance form does not allege any wrongdoing on the part of these staff members. *Id.* at 17:4-22. According to Plaintiff, "they all told me pretty much the same thing; that it's -- this is out of their hands. They can't do anything. So from there, contact Pennsylvania State Police." *Id.*

Gary Eugene Prisk, a fellow SCI Albion inmate, appeared at the *Small* hearing on Plaintiff's behalf. Mr. Prisk recalled an incident in which Plaintiff requested a second/supplemental grievance form from Sergeant Scalise relevant to the June 10, 2017 assault, which allegedly prompted a remark from Sergeant Scalise that there might be "repercussions" or

3

"retaliation" if Plaintiff pursued his grievance. Hrg Tr. Vol. I, ECF No. 74, at 8:18-22; *see id.* at 9:15-21, 10:9-23, 11:19-24. Mr. Prisk described Sergenat Scalise as a "good dude" and did not know why he had made the remark, "except that in institutions it's us against them and them against us, and somewhere it needs to stop." *Id.* at 8:23-25; *see id.* at 3-5.

Appearing for the defense was Defendant Lantz, Sergeant Scalise, and Michelle Tharp, the Superintendent's assistant and Grievance Coordinator for the prison. Ms. Tharp discussed the Inmate Handbook and grievance procedures under DC-ADM 804 -- both generally and in relation to Plaintiff's grievance for the June 10, 2017 incident. Hrg Tr. Vol. I, ECF No. 74, at 26:4-27:19; *id.* at 30:18-33:12. Ms. Tharp also testified to the measures that an inmate could take if he obtained new material information after submitting a grievance. Ms. Tharp explained that newly obtained evidence could be submitted to her office in the form of an addendum or in connection with an appeal, if the grievance officer has already responded adversely to the initial grievance. *Id.* at 28:17-29:12. Although an incident must generally be grieved within 15 days, Ms. Tharp stated that she personally accepts information from an inmate if it is "at least within two or three weeks after the incident . . . ." *Id.* at 29:20-30:3. She acknowledged, however, that this was "just general [con]sensus in the community," and she did not know whether it had been specifically communicated to Plaintiff. *Id.* at 30:4-10; *see id.* at 34:12-17.

Defendant Lantz testified, in relevant part, to his various conversations with Plaintiff following the assault. Defendant Lantz claimed that he first learned of the attacker's violent history within a few days after the June 10, 2017 incident. Hrg Tr. Vol. I, ECF No. 74, at 41:5-19. He acknowledged speaking to Plaintiff on several occasions for the purpose of ensuring that Plaintiff was receiving proper medical attention, but he did not specifically recall ever informing Plaintiff about his attacker's prior history of assaults. *Id.* at 40:7-41:4; *id.* at 43:16-44:16.

4

Defendant Lantz further denied having any conversations with Plaintiff about the process that Plaintiff should follow to supplement his original grievance; Defendant Lantz stated, however, that -- if asked -- he would have advised an inmate in that situation to submit the new information in writing to the grievance coordinator. *Id.* at 42:4-19.

Sergeant Scalise testified concerning his interactions with Plaintiff and Inmate Prisk. He recalled speaking with Plaintiff every day in 2017, as both were present on "I Unit" during that time. Hrg Tr. Vol. II, ECF No. 75, at 4:8-14; 5:7-12. Sergeant Scalise represented that he had had no involvement with the grievance process apart from the fact that he would provide forms to inmates who requested them. He would also answer questions about the grievance process if he could; otherwise, he would refer the inmate to the grievance coordinator. *Id.* at 4:15-5:6. Sergeant Scalise did not recall ever speaking with Plaintiff or Inmate Prisk about Plaintiff's grievance, the grievance process in general, or the June 10, 2017 incident. *Id.* at 5:13-6:14. He denied ever discouraging Plaintiff from submitting a supplemental grievance or referring to potential retaliation. *Id.* at 5:25-6:2, 10:4-23.

Upon the conclusion of the hearing and after consideration of the testimony and legal arguments of the parties, the Magistrate Judge submitted a Report and Recommendation ("R&R") in which he opined that Plaintiff had failed to exhaust his administrative remedies and that the Defendants' motion for summary judgment should therefore be granted on that basis. ECF No. 72. As it relates to the alleged unavailability of administrative remedies, Judge Lanzillo concluded that neither Defendant Lantz nor Sergeant Scalise had threatened, misled, intimidated, or otherwise attempted to deter Plaintiff from grieving his claims predicated upon a "failure to protect" theory. Judge Lanzillo further concluded that Plaintiff first learned of his attacker's violent tendencies *after* the June 10, 2017 incident but *before* his initial grievance

5

about the June 10, 2017 attack was filed; therefore, Judge Lanzillo reasoned, Plaintiff could not have been prejudiced by any ambiguity that may exist in the DOC's grievance process concerning the ways in which an inmate may amend or supplement a pending grievance with after-acquired evidence. In sum, Judge Lanzillo recommended that this Court conclude, as a matter of law, that Plaintiff had failed to show that the administrative remedies set forth in DC-ADM 804 were not reasonably available to him.

Plaintiff filed objections to the R&R on January 28, 2022. ECF No. 73. Therein, Plaintiff reiterates his position that "the grievance process was not available to him because of threats of retaliation." *Id.*, ¶1. He insists that he "stated this multiple times [at the hearing] and even had an inmate testify to that fact." *Id.* He specifically "objects to Judge Lanzillo treating all inmates as if they were liars." *Id.*, ¶2. Beyond this, Plaintiff offers no elaboration on those portions of the R&R to which he objects.

As the Magistrate Judge's Report and Recommendation concerns a dispositive motion, the undersigned is required to make a *de novo* determination of those portions of the R&R to which objections have been made. *See* 28 U.S.C. §636(b)(1)(B) and (C); LCvR 72(D)(1)(c) and (D)(2). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

To that end, this Court has conducted a *de novo* review of the record, including the transcript from the evidentiary hearing. After doing so, the Court is satisfied that the Magistrate Judge's analysis is sound, his proposed findings of fact are coherent and well supported by the record, and his proposed conclusions of law comport with the applicable legal principles that govern this matter. Accordingly, after *de novo* review of the complaint, Defendants' motion and

6

all related filings, together with the Report and Recommendation and Plaintiff's objections thereto, the following Order is entered:

AND NOW, this 19th day of July, 2022, IT IS ORDERED that the Defendants' motion for summary judgment, ECF No. [43], shall be, and hereby is, GRANTED.

IT IS FURTHER ORDERED that this Court hereby accepts, and adopts as its own, the proposed findings of fact and conclusions of law set forth in the Report and Recommendation of United States Magistrate Judge Richard A. Lanzillo, issued on January 10, 2022, ECF No. [72]. Plaintiff's objections to the Report and Recommendation, ECF No. [73], are OVERRULED, and the Report and Recommendation is adopted, in its entirety, as the opinion of this Court.

There being no further claims pending before the Court in the above-captioned matter, the Clerk shall docket the accompanying Rule 58 Judgment and mark this civil action "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge